**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TONY SMALLWOOD,

    Plaintiff,

    v.

THE UNITED STATES OF AMERICA,

    Defendant.

No. 23cv1118 (EP) (AME)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

Pending before the Court is the Report and Recommendation of the Hon. André M. Espinosa, U.S.M.J., which recommends that the District Court grant Defendant's motion to enforce the settlement terms agreed to by the parties in the above-captioned case.  D.E. 39 ("R&R"). Motions to enforce settlement agreements are dispositive.  *SpaceAge Consulting Corp. v. Logic Corp.*, No. 15-3413, 2018 WL 3159867, at *1 (D.N.J. May 31, 2018) (citing *Saber v. FinanceAmerica Credit Corp.*, 843 F.2d 697, 702–03 (3d Cir. 1988)).

## I.    BACKGROUND

This Federal Tort Claims Act ("FTCA") action arises from a June 2022 motor vehicle accident involving Plaintiff Tony Smallwood ("Plaintiff") and a vehicle driven by an employee of the United States Postal Service while in the course of his employment.  R&R at 1.  Plaintiff's Complaint alleged that the Postal Service driver's negligence caused Plaintiff to sustain personal injuries.  *Id.*

On January 17, 2025, while the parties were engaged in discovery, Plaintiff's counsel emailed defense counsel asking if there was "[a]ny way we can settle this [case] for a nominal valuation at 5k?"  *Id.* at 2.  Defense counsel emailed back a counteroffer of "$3,000 to resolve Mr.

Smallwood's claims against the Government." *Id.* at 2. On January 27, 2025, Plaintiff's counsel responded saying "My client authorized me to accept the $3,000.00 offer." *Id.* at 2.

After the settlement agreement was made, defense counsel sent Plaintiff's counsel a Stipulation for Compromise and Release of Federal Tort Claims Act Pursuant to 28 U.S.C. § 2677 (the "Release"), which Plaintiff was to execute. R&R at 2. Upon the parties' notification that the parties reached a settlement agreement, this Court entered a 60-day Order Administratively Terminating the Action, providing the parties with time to finalize their settlement documents. *Id.* at 2–3. Plaintiff failed to execute the Release during the 60-day termination period. *Id.* at 3. Ultimately, on May 30, 2025, Plaintiff's counsel emailed Defendant's counsel "My client has just informed me that he is now unwilling to sign the Release despite authorizing acceptance of such back in January." *Id.* at 3. Defense counsel represents that "Plaintiff now feels that the agreed-upon settlement amount is too low." *Id.* at 3.

Ultimately, because Plaintiff continued to refuse to sign the Release, the Court permitted Defendant to file this motion to enforce the settlement agreement (the "Motion"). *Id.* at 4. Despite Plaintiff's counsel's certifications that he served the Motion on Plaintiff, Plaintiff never opposed the Motion. *Id.* at 4; *see* Dkt.

## II.    ANALYSIS

Judge Espinosa recommends the Motion be granted because the parties had a valid and enforceable agreement to settle this action. R&R at 8.

When magistrate judges address dispositive motions, they submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(a)(2). When a party properly objects to a report and recommendation, a magistrate judge's recommended disposition of a dispositive matter is subject to *de novo* review. Fed. R. Civ. P.

2

72(b)(3).  Where no objection has been made within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation.  Fed. R. Civ. P. 72(b), advisory committee notes to 1983 amendment; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting that while § 636(b)(1)(C) does not require a court to review the report and recommendation, "we believe the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report").

The District Court may accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation.  28 U.S.C. § 636(b)(1); L. Civ. R. 72.1(c)(2).  Only if the district court adopts a report and recommendation does it have the force of law.  *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).  No objections were made to the R&R by the Court's deadline.  *See* Dkt.

The Court has reviewed the R&R under the appropriate standards and agrees with Judge Espinosa's analysis.  As Judge Espinosa noted, "[a]n enforceable contract in New Jersey requires offer and acceptance, consideration, a meeting of the minds, and sufficiently definite terms."  R&R at 5 (citation omitted).  Judge Espinosa explained that if the elements of a contract are met, "[a] settlement can be enforced 'notwithstanding the fact that a writing does not materialize because a party later reneges.'" *Douris v. Hopewell Twp.*, No. 10-2650, 2012 WL 481177, at *2 (D.N.J. Feb. 14, 2012) (quoting *Lahue v. Pio Costa*, 263 N.J. Super. 575 (App. Div. 1993)).  R&R at 6.

Judge Espinosa emphasized that Plaintiff's counsel and Defense counsel exchanged a series of emails involving settlement discussions, culminating in Plaintiff's counsel's email to Defense counsel that "My client authorized me to accept the $3,000.00 offer." *Id.* at 6.  The R&R further explained that "New Jersey courts have consistently found that an exchange of e-mails can

create an enforceable agreement." *Id.* at 7 (citations omitted). Plaintiff has not disputed the Motion or explained his reasons for refusing to sign the Release. *Id.* at 7. As courts have held that "[w]here a party to an agreement-in-principle suddenly changes its mind and refuses to execute the written contract without explanation, the court must enforce the agreement," *United States v. Lightman*, 988 F. Supp. 448, 463 (D.N.J. 1997) (citing *Pascarella v. Bruck*, 190 N.J. Super. 118 (App. Div. 1983)), Judge Espinosa properly concluded that the parties had a binding and enforceable settlement agreement. R&R at 7–8.

Accordingly, the Court will **ADOPT** the R&R.

## III.    CONCLUSION

**IT IS**, on this **26th** day of June, 2026;

**ORDERED** that Judge Espinosa's Report and Recommendation, D.E. 39, is **ADOPTED** as the Opinion of this Court.

Evelyn Padin, U.S.D.J.

4